**WONG KIM v. UNITED STATES.**

**No. 5986.**

Circuit Court of Appeals, Ninth Circuit.

March 10, 1930.

Frank J. Hennessy, of San Francisco, Cal., for appellant.

George J. Hatfield, U. S. Atty., and Albert C. Wollenberg, Asst. U. S. Atty., both of San Francisco, Cal.

Before RUDKIN, DIETRICH, and WILBUR, Circuit Judges.

DIETRICH, Circuit Judge.

By an indictment returned in the Northern district of California, the appellant, together with twenty others, was charged with a conspiracy unlawfully to land in the United States at the port of San Francisco ten Chinese aliens. Wong Mun, one of the defendants, became a fugitive from justice and has never been apprehended. At the trial of the other twenty, appellant was convicted and all others acquitted. From a judgment imposing a fine and imprisonment, he prosecutes this appeal.

Two assignments are argued: One, that it was error to receive in evidence a written memorandum made by one of the alleged con-

spirators; and the other, that the court should have granted appellant's motion to dismiss, not upon the ground that the evidence was insufficient to establish a conspiracy substantially as alleged, but because it failed to show appellant's participation therein.

As to the first, we are inclined to think the memorandum, which purports to show the distribution of the bribe money paid on behalf of the landed aliens, was properly received under the general rule that acts and declarations of a conspirator during the course of the conspiracy pertaining to the common object thereof are admissible against all. Marron v. United States (C. C. A.) 8 F. (2d) 251, 257. But it is sufficient to say that no reference in the memorandum was made to appellant, and he could not have been prejudiced thereby.

The aliens were brought to the port of San Francisco as stowaways aboard the Modjokerto, which docked on the morning of June 8, 1929, and most of the testimony relates to what was said and done, within two days after such arrival, in landing and concealing them. Oh Hing, a fireman on the boat and according to his testimony a participant in the conspiracy, after referring to certain transactions in the Orient, testified that in the evening of June 8th, with passes furnished by the first officer, he and some of the stowaways went on shore, and, after walking and riding about for awhile, they came to "Wong Mun's place" where they found Wong Mun, a Chinese woman, and appellant. After they had been there for some time, Wong Mun paid to the witness $1,500. In making the payment, the money was put on a table in the presence of appellant who was standing close by. The witness then took the money to the boat and got two more of the aliens whom he conducted to Wong Mun's place. On that occasion also appellant was present, and $1,500 more was paid. On cross-examination he testified that upon one of these trips it was appellant who directed the taxi driver where to go.

Apparently referring to the first trip described by Oh Hing, Chan Bing Kwan, another member of the crew, testified that he, Oh Hing, and Chan On went ashore on passes the first officer gave them. They first went to a tea room in Chinatown to drink tea, and, while they were there, the appellant came in and joined them, saying that he wanted to talk to Chan On, who was one of the stowaways. After remaining there for a short time, he said they should drink no more tea but would go out and walk around awhile. After walking awhile, in response to an inquiry from one of the party as to how long they were to continue walking about, appellant said, "I am going to take an automobile." He then called a Yellow cab, and, after they all had got into it, he directed the driver to go to an address which turned out to be Wong Mun's place. There, at the suggestion of Wong Mun and the woman, they drank tea, and the witness went into a separate room to smoke, where he remained alone for about an hour. All the others, including appellant, stayed in the front room, and he did not hear the conversation between them. Thereafter the witness came back into the room where the others were, and Wong Mun suggested to appellant that he and Oh Hing should "go back first." Oh Hing inquired what was to be done with the stowaways, but finally said, "Well, we will go back first"; whereupon the witness, Oh Hing, and Chan On went to the boat. On being informed there that the inspectors were searching the boat, they first went to Chinatown, then back to Wong Mun's place, where they found Wong Mun and appellant. Wong Mun and the driver of the taxi urged that they go back to the boat for other stowaways, but the witness said he did not have the nerve, whereupon the taxi driver stated that he himself would go and get them. The witness remained at Wong Mun's place, and about an hour after the driver left he "saw Oh Hing there and a few stowaways," including Chan On. Wong Mun and appellant also were there. Later the witness went back to the boat. The next day, Sunday, after performing certain duties upon the boat, the witness and Oh Hing again went to Wong Mun's place, where they found Wong Mun, the woman, and appellant. Wong Mun suggested that they wait around awhile, and, as soon as he had collected the money, he would give it to them. A little later he brought in some money and laid it in two piles on the table. Four of them stood around the table, Wong Mun, Oh Hing, appellant, and the witness. Oh Hing picked up one pile and Wong Mun told the witness to take the other and sign for it. This the witness declined to do. Finally appellant signed for it and told the witness to take it. Under persuasion he ultimately took it, and, complying with instructions from Wong Mun, carried it back to the boat and paid it to the first officer and the sailors.

This testimony was uncontradicted, and appellant did not attempt any explanation of his presence or conduct. In the absence of such explanation, we think the evidence

was sufficient to sustain a finding that he was participating in the unlawful enterprise.

Affirmed.

RUDKIN, Circuit Judge, sat at the hearing, but took no part in the decision of the case.